Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ LUIS RODRÍGUEZ TORRES<br><br>Peticionario<br><br>v.<br><br>ÁNGEL LUIS MONTES DE JESÚS Y OTROS<br><br>Recurrida | TA2025CE00053 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso Núm.: B2CI201600130<br><br>Sobre: Acción Reivindicatoria, Deslinde, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparece José Luis Rodríguez Torres (en adelante, peticionario) mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Orden* emitida el 5 de mayo de 2025,[1] y notificada el 13 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Coamo.[2] Sobre dicha determinación, el peticionario interpuso una solicitud de reconsideración,[3] la cual fue denegada mediante *Resolución*, emitida el 2 de junio de 2025,[4] y notificada el día siguiente.[5] Mediante la *Orden* recurrida, el foro de instancia impuso el pago de arancel por suspensión del juicio en su fondo y sancionó económicamente al representante legal del peticionario.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 5.
[2] SUMAC TA, a la Entrada Núm. 3, Anejo 1.
[3] *Íd.*, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 6.
[4] *Íd.,* Exhibit Núm. 7.
[5] *Íd.,* a la Entrada Núm. 3, Anejo 2.

I

Según se desprende del alfanumérico que identifica el presente caso, el mismo tuvo su génesis en el año 2016. Ahora bien, los hechos relevantes para la disposición de este recurso sucedieron cuando el caso estaba en la etapa procesal pendiente de la celebración del juicio en su fondo, programado desde el 24 de febrero de 2025, luego de haberse tenido que suspender el mismo, en esa fecha, por incomparecencia del peticionario.[6]

Establecido lo anterior, reseñamos que la controversia en el presente caso inició cuando, luego de una comunicación telefónica efectuada por el peticionario,[7] al Tribunal de Primera Instancia de Coamo,[8] este, el 2 de mayo de 2025, a través de su representante legal, realizó una gestión por correo electrónico, por conducto de la secretaria jurídico del juez que preside los procesos en este caso, para notificar que no le sería posible asistir al juicio en su fondo programado para ese mismo 2 de mayo. Junto a su comunicado, adjuntó, con el fin de **adelantar**, una *Moción suplicando transferencia de vista.*[9] Adujo que la vista estaba señalada para esa misma fecha, pero, que el representante legal tenía que realizarse un procedimiento médico. Esbozó que tenía disponible el 17 de julio de 2025 –*fecha hábil para que se celebrara el juicio en su fondo*- y que dichas fechas fueron consultadas tanto con los demás abogados de récord, así como con la secretaria del juez. Acompañó a su escrito un arancel de suspensión por la suma de $40.00 dólares.

Según fue reseñado, el juicio estaba programado para el 2 de mayo de 2025, por lo que fue llamado en calendario. En lo atinente, y según se desprende de la *Minuta* de la vista,[10] el tribunal de

---

[6] SUMAC TA, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 5.
[7] El 29 de abril de 2025.
[8] SUMAC TA, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 5.
[9] *Íd.*, Exhibit Núm. 4. Conviene mencionar que el escrito en cuestión no fue presentado al foro primario en esa fecha, sino el 5 de mayo de 2025.
[10] SUMAC TA, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 2.

instancia impuso el arancel de suspensión al peticionario y dispuso que esperaría el escrito para propósitos de conocer los fundamentos de su incomparecencia al juicio en su fondo, de lo contrario, le estaría imponiendo sanciones.

Atendido el pedimento del peticionario, el foro primario emitió una *Orden* el 5 de mayo de 2025,[11] y notificada el 13 de mayo de 2025,[12] mediante la cual le impuso una sanción económica de $700.00 dólares al representante legal del peticionario, la cual debía ser satisfecha en el término de quince (15) días. Por otro lado, en lo pertinente, reseñaló el juicio en su fondo para el 17 de julio de 2025, y advirtió que sería el último señalamiento.

Inconforme, el 19 de mayo de 2025, el peticionario incoó una *Moción urgente de reconsideración.*[13] Adujo que, por orden médica, se tuvo que realizar unos exámenes médicos de urgencia que provocaron la solicitud de transferencia de vista, empero, hizo las gestiones para presentar la referida solicitud. Alegó que fue el 29 de abril de 2025 que advino en conocimiento de que tenía que hacerse unos exámenes médicos en la fecha programada para el juicio en su fondo. A tenor, solicitó que se reconsiderara la determinación sobre la sanción impuesta.

En respuesta, mediante *Resolución*, emitida el 2 de junio de 2025, y notificada el 3 de junio del mismo año,[14] el foro de instancia denegó la solicitud del peticionario. En la antedicha *Resolución*, el foro primario expresó que el peticionario no presentó evidencia de que la situación médica hubiese sido urgente o imprevista, de manera que le impidiese solicitar el reseñalamiento con tiempo

---

[11] SUMAC TA, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 5.
[12] *Íd.*, a la Entrada Núm. 3, Anejo 1.
[13] *Íd.,* a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 6. El peticionario adjuntó a su escrito un documento intitulado *Instrucciones post procedimiento endoscópico*, el cual contiene detalles de su nombre y la fecha del 2 de mayo de 2025. Además, adjuntó un documento que contiene un intercambio de comunicaciones con los representantes legales de las partes y otro en el cual adelantó copia del escrito en el cual solicitó la transferencia de vista.
[14] SUMAC TA, a la Entrada Núm. 1, Apéndice del recurso, Exhibit Núm. 7.

razonable. Por otro lado, distinguió la incidencia procesal objeto de revisión de la ocurrida el 24 de febrero de 2025, en la cual el peticionario se ausentó de la vista por una emergencia en una condición de salud de su hija, y el Tribunal dispuso reseñalar el juicio en su fondo.

Inconforme aún, el 27 de junio de 2025, el peticionario compareció ante nos mediante un recurso de *Certiorari* en el cual esgrimió el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER Y LUEGO NO DEJAR SIN EFECTO LAS SANCIONES IMPUESTAS.

Mediante *Resolución*, emitida el 8 de julio de 2025, ordenamos al peticionario a presentar el volante de notificación de la *Orden* emitida el 5 de mayo de 2025, así como el de la *Resolución* emitida el 2 de junio de 2025, y, además, que acreditara haber cumplido con las disposiciones de la Regla 33(A) y la Regla 33(B) de este Tribunal de Apelaciones.[15] Por otro lado, concedimos a las partes recurridas hasta el 11 de julio de 2025, a las 2:00 p.m. para expresarse con relación al recurso.

El 9 de julio de 2025, compareció el peticionario para cumplir con nuestra *Resolución* del 5 de mayo de 2025 en lo relativo a la presentación de los volantes de notificación. Por otro lado, el 15 de julio de 2025, el peticionario presentó una moción en cumplimiento de orden, para acreditar haber notificado el recurso a todas las partes del título, así como al tribunal de primera instancia.[16] Habiendo decursado el término concedido a las partes recurridas para expresarse con relación al recurso sin haberlo hecho, procederemos a disponer del mismo sin el beneficio de su comparecencia.

---

[15] Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 48-51, 215 DPR __ (2025).
[16] SUMAC TA, a la Entrada Núm. 5.

## II

### A. Expedición del recurso de *Certiorari*

Los recursos de *certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[17] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

[…].

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[18]

[…].

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *certiorari* que:

[…].

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

---

[17] 32 LPRA Ap. V, R. 52.1.
[18] *Íd.*

[…].[19]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[20] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[21] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[22] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[23]

La Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *certiorari:*

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [24]

---

[19] 32 LPRA Ap. V, R. 52.1.

[20] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[21] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).

[22] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[23] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

[24] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, supra, a las págs. 59-60.

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[25] Quiérase decir, que no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción,  o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[26] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[27] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[28]

III

En el recurso ante nuestra consideración la representación legal del peticionario nos ha convidado a que revisemos una orden interlocutoria con la finalidad de que se deje sin efecto una sanción económica que le fue impuesta a este, luego de que solicitara que el juicio en su fondo programado para el 2 de mayo de 2025, y que fue reseñalado desde el 24 de febrero de 2025, tuviese que ser nuevamente suspendido. En su pliego, expuso, en síntesis, que no era razonable el tener que presentar documentos acreditativos de que el asunto de salud planteado al foro de instancia era necesario

---

[25] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[26] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[27] *BPPR v. SLG Gómez-López*, 213 DPR 314, 334 (2023).
[28] *Íd.*; *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).

para que el Tribunal pudiese concluir que se trató de un asunto de emergencia no previsible.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, resaltamos de entrada, que el asunto traído ante nuestra consideración no se encuentra entre las instancias contempladas por la Regla 52 de Procedimiento Civil.[29] De manera que únicamente, podremos intervenir en el mismo si está presente algunos de los criterios esgrimidos en la Regla 40 de este Tribunal, que nos facultan para expedir un recurso de *certiorari*.[30] Tras examinar el recurso en base a los referidos criterios, este Panel coincide que no se justifica nuestra intervención. Esto, puesto a que no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por otro lado, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[31] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[32]

Aun cuando reconocemos que un asunto de salud no necesariamente avisa, en lo que respecta a nuestras facultades como foro revisor, un estudio minucioso de la totalidad de los autos ante nuestra consideración y el marco doctrinal aplicable forzosamente nos lleva a concluir que no debemos intervenir con la determinación recurrida. Por tanto, en virtud de lo dispuesto en la

---

[29] 32 LPRA Ap. V, R. 52.1.
[30] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, supra, a las págs. 59-60.
[31] *BPPR v. SLG Gómez-López*, supra, a la pág. 334.
[32] *Íd.*; *Mejías v. Carrasquillo*, supra, a las págs. 306-307.

antes mencionada Regla 40 hemos acordado denegar la expedición del auto de *Certiorari*.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones